**GEORGE, Deceased, Estate of, In re.**

Probate Court, Cuyahoga County.

No. 552546.   Decided June 30, 1959.

The exceptions by the Tax Commissioner to the determination of inheritance taxes were sustained by the Court upon the opinion of James B. Danaher, General Referee, which opinion is as follows:

Eva George died testate on June 5, 1958, and under her will certain bequests were made to "my heir designate, Jean Randall Webb" and to "my heir designate, Richard Randall." Said legatees were grand-niece and grand-nephew, respectively, of the decedent, and were designated as heirs at law of said decedent in a written declaration filed in the Probate Court of Cuyahoga County on February 2, 1950, at which time the Judge of said Court entered such facts upon the Court's Journal, making a complete record of such proceedings in Case No. 430939.

The decedent's will was admitted to probate on January 9, 1958, and on December 23, 1958, the inheritance tax was determined in said estate. In said determination the designated heirs were found to be entitled to exemptions of $3500.00 each as provided in §5731.09 (B) R. C., and the tax was therefore computed at the 1% rate as provided in §5731.12 (A) R. C.

Within the sixty day period provided by law, the Tax Commissioner excepted to said determination, claiming that said designated heirs were not entitled to the exemptions and the rates provided in said determination.

There was no evidence presented nor claim made that during their minority, the successors' relationship with the decedent was similar to that of parent and child.

### ISSUE PRESENTED

What did the Legislature have in mind when it used the words in §5731.09 (B) R. C., "or person recognized by the decedent as an adopted child and designated by such decedent as an heir under a statute of this or any other state or country"? In order to be entitled to the claimed exemption is the successor required to show that during his minority his relationship with the designator was similar to that of parent and child?

### CONCLUSIONS OF LAW

In 1854 the designation of heir statute was enacted. It was virtually the same as the present §2105.15 R. C., the pertinent portion of which reads as follows: "* * * he did designate and appoint another * * * to stand toward him in the relation of an heir at law in the event of his death. * * * Thenceforward the person designated will stand in the same relationship, **for all purposes,** to such declarant as he could if a child born in lawful wedlock. The rules of inheritance will be the same between him and the relations by blood of the declarant as if so born." (Emphasis added.)

Our problem arises because of a subsequently enacted inheritance tax statute (§5731.09 R. C.), which provides for exemptions and reads in part as follows: "(B) When the property passes to or for the use of a father. mother, husband, adult child or other lineal descendant of the decedent, or an adult adopted child, **or person recognized by the decedent as an adopted child and designated by such decedent as an heir under a statute of this or any other state or country,** or the lineal

descendants thereof, or a lineal descendant of an adopted child, the exemption shall be three thousand five hundred dollars." (Emphasis added.)

As to the effect of conflicting pari materia statutes the following statements are of interest, "Statutes in pari materia, although in apparent conflict, are so far as reasonably possible construed to be in harmony with each other. But if there is an irreconcilable conflict between the new provision and the prior statutes relating to the same subject matter, the former will control as it is the later expression of the Legislature." Sutherland Statutory Construction 3rd Edition Volume 2, Section 5201.

"When two statutes are irreconcilable the one last enacted must prevail, and where there is a conflict between a general law and a special act the special act will prevail." (Syl. 1 of State, ex rel. Cleveland Law Library Assn. v. Henry, 34 O. C. D., 371, 23 Circuit Court, R. N. S., 541.)

"Insofar as two statutes are irreconcilable, effect must be given to the one which is the later." (Syl. 1 of State v. Holliday, 63 Oh St 165.)

In Underwood v. City of Bellefontaine, 64 Oh Ap 205, 18 O. O. 70, 28 N. E. 2d, 663, the Court said "Effect must be given, if possible, to every word, clause, and sentence of a statute."

It is obvious that mere designation as an heir under §5731.09 R. C., will not, in and of itself, qualify such one so designated as exempt under the provisions of the aforementioned inheritance tax exemption statute, but such one must also have been recognized by the decedent as an adopted child. It is difficult to escape the conclusion that to be recognized as an adopted child in Ohio one must be a minor, because in Ohio, although not in all of the other states, one must be a minor to be eligible for adoption. Even though the designation of heir statute was enacted prior to the enactment of the adoption statute in Ohio, such fact does not alter the further fact that §5731.09 (B) R. C., requires both designation of heirship and recognition as an adopted child in order to qualify a successor for the claimed exemption. Your Referee is of the opinion that a reasonable interpretation of the pertinent statute is that the designation need not have occurred during the minority of the successor. This brings us to the conclusion that to qualify under §5731.09 (B) R. C., the successor must establish that during his minority his relationship to the decedent was similar to that of a parent and child and that he was designated as an heir by the decedent according to law, although such designation need not necessarily have occurred during the minority of said successor.

The general problem presented herein arises quite frequently and situations will no doubt be presented in which it will be claimed that the decedent recognized the successor as an adopted child during the latter's minority. In the absence of authority on the precise question involved herein and having in mind the advisability of setting up guide posts for use in the variety of cases that are likely to be presented in the future, it seems to your Referee that in such cases a relationship similar, or generally comparable, to the relationship of loco parentis ought to be established. In connection with the relationship of loco

parentis the following statements in 67 C. J. S. Section 71 at page 803 are of interest, "The term 'in loco parentis' has been defined as in the place of a parent; instead of a parent; charged, factitiously, with a parents rights, duties and responsibilities; more specifically, the relationship which a person assumes toward a child not his own, holding him out to the world as a member of his family toward whom he owes the discharge of parental duties. It has been said that the accepted definition of a person in loco parentis is one who means to put himself in the situation of a lawful parent to the child with respect to the office and duty of making provision for it; one assuming the parental character and discharging parental duties; a person standing in loco parentis to a child is one who had put himself in the situation of a lawful parent assuming the obligations incident to the parental relation, without going through the formalities necessary to a legal adoption."

Sec. 5731.09 (C) R. C., provides "(C) When the property passes to or for the use of a brother, sister, niece, nephew, the wife or widow of a son, the husband of a daughter of the decedent, or to any child to whom the decedent, for not less than ten years prior to the succession stood in the mutually acknowledged relation of a parent, the exemption shall be five hundred dollars."

In the estate of John Jonuska, case No. 518575, this Court decided that the mutually acknowledged parent and child relationship status under §5731.09 (C) R. C., could be established despite the fact that during the time said status was claimed to have existed, and even up to the time of the decedent's death, the "child" had a natural parent living. By parallel reasoning it seems fair to conclude that one designated as an heir may be recognized as an adopted child and be eligible to qualify under §5731.09 (B) R. C., even though the natural parents or parent of the one designated was living during the latter's minority.

It is likely that in many cases involving the general problem presented herein the facts will not permit the application of §5731.09 (B) R. C., but will justify the application of §5731.09 (C) R. C. In the case at bar no evidence was presented, nor claim made, that during their minority the successors' relationship to the decedent was similar to that of parent and child and the tests hereinbefore set forth have therefore not been met. Counsel for the successors has filed an exhaustive and scholarly brief. It indicates a thorough research of the subject and makes as persuasive an argument in favor of the successors as seems reasonably possible under the circumstances, but at best it must be said that it is not clear that these successors have shown their right to the claimed exemption.

We must, therefore, take into account the legal principle that one claiming an exemption from inheritance tax must show that he is entitled to such exemption. On many occasions the Courts have stated their position in this regard. In Tax Commission v. Paxson, 118 Oh St 41, the Court said "It must rest upon the language in regard to which there can be no doubt as to the meaning, and the exemption must be granted in terms too plain to be mistaken. 26 Ruling Case Law, 313; Humphries, Auditor, v. Little Sisters of the Poor, supra.

"Statutes exempting certain legacies from an inheritance tax should be strictly construed. To be exempt from an inheritance tax, a legacy must come within the strict letter of the statutory enactments."

In **Estate of Taylor, 139 Oh St 417**, the first syllabus reads as follows: "A right to exemption from taxation must appear with reasonable certainty in the language of the Constitution or valid statute and must not depend upon a doubtful construction of such language."

In **Cemetery Assn. v. Evatt, 143 Oh St 399**, the first syllabus reads as follows: "Taxation of property is the rule and exemption the exception. Language which relieves from taxation is to be strictly construed, and property which is claimed to be exempt from the payment of taxes must come squarely within the exemption provisions of the law."

In re **The Bond Hill-Roselawn Hebrew School, 151 Oh St 70**, the first syllabus reads as follows: "Although constitutional provisions for exemption from taxation should be given a strict construction, that construction should be reasonable and one that will not defeat the intention which the people expressed by the words they used."

In **Goldman v. Bentley Post, 158 Oh St 207**, the Court said "Furthermore, this Court is traditionally committed to the proposition that exemption statutes must be strictly construed and that no presumption favorable to the exemption of property from taxation will be indulged. This must necessarily be the rule in order to preserve equality in the burden of taxation. **Cincinnati College v. State, 19 Ohio 110, 115; Lee, Treas., v. Sturges, 46 Oh St 153, 159, 19 N. E. 560, 2 L. R. A., 556; Benjamin Rose Institute v. Myers, Treas., 92 Oh St 252, 110 N. E., 924, L. R. A. 1916D, 1170; Cullitan, Pros. Atty., v. Cunningham Sanitarium, 134 Oh St 99, 100, 16 N. E. (2d), 205; Incorporated Trustees of Gospel Worker Society v. Evatt, Tax Commr., 140 Oh St 185, 188, 42 N. E. (2d) 900; Jones, Treas., v. Conn et al, Trustees, 116 Oh St 1, 155 N. E., 791; In re Estate of Taylor, 139 Oh St 417, 40 N. E. (2d) 936; Columbus Metropolitan Housing Authority v. Thatcher, Aud., 140 Oh St 38, 44, 42 N. E. (2d), 437.**"

Counsel for the successors has pointed out that for a long period of time this Court has been assessing inheritance tax on successions to designated heirs in the manner herein contended for by the estate and that the Tax Commissioner and his predecessors have always agreed to such determinations and that in January of 1958, the Tax Commissioner filed waivers in two such cases in this Court. This fact is a matter of record. The Tax Commissioner contends that assessing inheritance tax to designated heirs in such manner occurs only in this county of all the counties in the State of Ohio. The exceptor points out in his brief "It is a rule of law as stated by Chancellor Kent that in the construction of statutes the construction which members of the legal profession put upon them is deemed of some importance. A construction received and acted on generally by the Courts and bar of the state for many years should not be lightly changed but should be considered and should even be given great weight." (37 O. Jur., Sec. 383.)

Further, "in interpreting a statute it is a well established rule that a resort may, under proper circumstances, be had to the construction given thereto by those charged with its execution and application espe-

cially where it has long prevailed. Judicial notice may be taken of such construction for such purpose." (37 O. Jur., Sec. 387.)

In this connection the State has suggested for consideration the case of Lee, Treas., v. Sturges, 46 Oh St 153, the second syllabus of which reads as follows: "A construction, by officers having the enforcement of the tax laws of Ohio, since the enactment thereof, to the effect that, under such laws, shares held by residents of Ohio of a stock of foreign railroad corporations having property in this state on which they pay taxes, and of consolidated railroad companies, are not taxable in Ohio, does not bind the successors of such officers, nor the state, in the proper assessment and collection of taxes upon such shares."

In view of the fact that the manner of determination of inheritance tax in such situations as contended for by the successors has not been universally applied throughout the State and because of the pronouncement of the Supreme Court in the aforementioned case, your Referee is of the opinion that this Court is not bound by its previous determinations of inheritance tax in cases similar to the one at bar.

Having in mind that to qualify for the claimed exemption one must be designated as an heir and must also be recognized as an adopted child, and that the successors herein were not regarded by the decedent as standing in the relationship of parent and child during the minority of said successors, and because of the well established principle of law that one claiming an exemption must clearly show that he is entitled to the same, your Referee recommends that the Tax Commissioner's Exceptions be sustained and that the inheritance tax be redetermined, the successions of the successors being subject to inheritance tax imposed on one in the non-exempt class.