[Cite as *In re E.J.*, 2011-Ohio-5608.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| IN THE MATTER OF: | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| E.J. | : | Hon. Sheila G. Farmer, J. |
| | : | Hon. John W. Wise, J. |
| | : | |
| | : | |
| | : | Case No. CT11-0022 |
| | : | |
| | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas, Juvenile Division, Case No. 21030137


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     October 31, 2011


APPEARANCES:

For Appellant

BRIAN W. BENBOW
605 Market Street
Zanesville, OH 43701

Guardian ad Litem

JEANETTE M. MOLL
803B Market Street
Zanesville, OH 43701

For Appellee

MOLLY MARTIN
27 North Fifth Street
P.O. Box 189
Zanesville, OH 43702-0189

VINCENT RUSSO
44 South 6th Street
Zanesville, OH 43701

*Farmer, J.*

{¶ 1}  On October 21, 2010, appellee, Muskingum County Children's Services, filed a complaint for permanent custody of E.J., born the same date.  Mother of the child is appellant, Heidi Schrack; father is Raymond Johnson.

{¶ 2}  A hearing before a magistrate was held on March 23, 2011.  By decision filed April 20, 2011, the magistrate recommended permanent custody of the child to appellee.  The trial court approved and adopted the magistrate's decision on the same date.  Appellant did not file objections to the decision.

{¶ 3}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignments of error are as follows:

I

{¶ 4}  "THE MAGISTRATE COMMITTED PREJUDICIAL ERROR BY GRANTING THE MOTION FOR PERMANENT CUSTODY AND DENYING A MOTION TO CONTINUE WHEN THERE WAS A VIABLE FAMILY PLACEMENT OPTION THAT HAD NOT BEEN FULLY INVESTIGATED WHEN THERE EXISTED AMPLE TIME TO COMPLETE AN INVESTIGATION THAT HAD ALREADY BEGUN."

II

{¶ 5}  "APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL PURSUANT TO *STRICKLAND V. WASHINGTON* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 IN VIOLATION OF HER CONSTITUTIONAL AND STATUTORY RIGHT TO COUNSEL WHEN HER COUNSEL FAILED TO OBJECT TO THE STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW, WHEN HER COUNSEL FAILED TO CALL THE PROSPECTIVE RELATIVE PLACEMENTS TO

TESTIFY, WHEN HER COUNSEL FAILED TO REQUEST A TRANSCRIPT, WHEN HER COUNSEL FAILED TO FILE TIMELY OBJECTIONS TO THE MAGISTRATE'S DECISION, AND WHEN HER COUNSEL FAILED TO INFORM APPELLANT THAT HE WAS NOT GOING TO FILE OBJECTIONS ON HER BEHALF SO THAT APPELLANT COULD FILE HER OWN *PRO SE* OBJECTIONS."

III

{¶ 6} "THE TRIAL COURT AND APPELLANT'S COUNSEL FAILED TO ADEQUATELY WARN APPELLANT THAT SHE ONLY HAD FOURTEEN DAYS TO OBJECT TO THE MAGISTRATE'S DECISION. THE TRIAL COURT FAILED TO APPOINT COUNSEL FOR APPELLANT WITHIN THE FOURTEEN DAY OBJECTION PERIOD FOR THE PURPOSE OF OBJECTING TO THE STATE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW AND FOR FILING TIMELY OBJECTIONS TO THE MAGISTRATE'S DECISION."

I

{¶ 7} Appellant claims the trial court erred in denying a request for a continuance of the permanent custody hearing as there was a "pending" home study for relative placement that was not completed and unresolved. We disagree.

{¶ 8} The grant or denial of a continuance rests in the trial court's sound discretion. *State v. Unger* (1981), 67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217.

{¶ 9} The following discussion was held at the commencement of the hearing:

**{¶ 10}** "Shirley King: We would like to try to get custody of [E] but we didn't have time. We were wondering if, we were wondering if we could get time to get an attorney and try to get him, custody of him?

**{¶ 11}** "Magistrate Buck: Ma'am, who are you?

**{¶ 12}** "Shirley King: I am Raymond Johnson's sister.

**{¶ 13}** "Magistrate Buck: And this matter has already been pending for five months and so you've had five months.

**{¶ 14}** "William Heathcoat: Your Honor, we weren't aware of it until a couple months ago. We was in California and we came back just as soon as we could. We had a home study done by Children Services.

**{¶ 15}** "Magistrate Buck: And there are certainly some dispute as to the results of that home study has already been presented to this Court.

**{¶ 16}** "William Heathcoat: Disputes of it?

**{¶ 17}** "Magistrate Buck: Yes. So we will get getting testimony and I will not be continuing this hearing at this time." T. at 3-4.

**{¶ 18}** Ms. King and Mr. Heathcoat were non-parties to the case. A motion to intervene or a written request for a continuance was not filed. Appellant's counsel did not pursue the issue nor did Ms. King or Mr. Heathcoat make any attempt at an appearance to this court.

**{¶ 19}** Juv.R. 4 does not include Ms. King or Mr. Heathcoat as a party entitled to representation:

**{¶ 20}** "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if

indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."

{¶ 21} Ms. King and Mr. Heathcoat were never persons in loco parentis. *In re Estate of George* (1959), 82 Ohio Law Abs. 452.

{¶ 22} Upon review, we find the trial court did not err or abuse its discretion in denying the request for a continuance.

{¶ 23} Assignment of Error I is denied.

II, III

{¶ 24} Appellant claims she was denied effective assistance of trial counsel because her counsel failed to object to the state's proposed findings of fact and conclusions of law, failed to call the prospective relative placements to testify, failed to file objections and request a transcript of the magistrate's hearing, failed to inform her that he would not be filing objections, and failed to advise her of her rights under Civ.R. 53. We disagree.

{¶ 25} Although this is not a criminal case, the Supreme Court of Ohio has characterized the termination of parental rights as the "death penalty" of parenting. Because of this characterization, this district has adopted the "criminal" standard to ineffective assistance of counsel arguments in permanent custody actions. *In re Fell,* Guernsey App. No. 05 CA 8, 2005-Ohio-5790; *In re Utt Children,* Stark App. No. 2003CA00196, 2003-Ohio-4576.

{¶ 26} The standard is set out in *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:

{¶ 27} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (*State v. Lytle* [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; *Strickland v. Washington* [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.)

{¶ 28} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."

{¶ 29} This court must accord deference to defense counsel's strategic choices made during trial and "requires us to eliminate the distorting effect of hindsight." *State v. Post* (1987), 32 Ohio St.3d 380, 388.

{¶ 30} We note the failure to object to findings of fact by a magistrate precludes assigning the issue as error on appeal:

{¶ 31} "*(iv) Waiver of right to assign adoption by court as error on appeal.* Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b)."

{¶ 32} The procedural history of this case creates a catch-22 argument on these two assignments of error.  We can accept that the failure to call Ms. King and Mr. Heathcoat was a trial strategy decision given the fact that no home study was available and they would have had nothing more to add than what was already said or written to the trial court (Docket Nos. 41 and 42).  We will address the remaining issues under the second prong of the *Bradley* test.

{¶ 33} In the magistrate's decision filed April 20, 2011, approved and adopted by the trial court, the magistrate found the following facts:

{¶ 34} "a. Following placement of E.J. outside the home and notwithstanding reasonable case planning and diligent efforts by MCCS to assist the parents to remedy the problems that initially caused E.J. to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions causing E.J. to be placed outside the home.  (R.C. 2151.414(E)(1))

{¶ 35} "b. Mother's chronic chemical dependency is so severe that it makes her unable to provide an adequate permanent home for E.J. at the present time and, as anticipated, within one year.  (R.C.2151.414(E)(2))

{¶ 36} "c. Mother has had her parental rights involuntarily terminated with respect to E.J.'s half-sibling.  (R.C. 2151.414(E)(11))

{¶ 37} "d. Both parents are repeatedly incarcerated, and the repeated incarcerations prevent either of them from providing care for E.J.  (R.C. 2151.414(E)(13))

{¶ 38} "e. The likelihood of the recurrence of abuse or neglect is high.  (R.C. 2151.414(E)(15) & (16))

**{¶ 39}** "***

**{¶ 40}** "i. The minor child is doing well in his current foster placement. The child has been in the same foster placement since he was released from the hospital shortly after his birth. The foster family is wanting to adopt.

**{¶ 41}** "j. The minor child has special needs which are being taken care of by the foster family, who has experience in that area."

**{¶ 42}** Both parents have substantial criminal records involving drug abuse. T. at 12-22. During her pregnancy and when the child was born, appellant tested positive for cocaine. T. at 10, 36. The child exhibits symptoms of cerebral palsy. T. at 90-92. Appellant has failed to meet the objectives of her case plan and tested positive for cocaine during the case plan. T. at 82-88, 109. Appellant has had two other children permanently removed from her as a result of her failure at two previous case plans involving substance abuse and stability. T. at 11, 31. 33-34, 36. Father also has failed to complete his case plan. T. at 72-77. Overall, both parents are unable to provide a stable home environment or maintain sobriety. T. at 78-81.

**{¶ 43}** Clearly, appellant has again failed in her case plan as she previously did with her two other children. The child sub judice is in foster placement and has bonded with his foster parents who are able to address his special needs. T. at 92-93. The foster home is a possible adoptive home for the child. T. at 94.

**{¶ 44}** The evidence is overwhelming in substantiating the fact that appellant is unable to parent the child. Therefore, under the second prong of *Bradley,* supra, we find no error resulting in a reversal.

**{¶ 45}** Assignments of Error II and III are denied.

{¶ 46} The judgment of the Court of Common Pleas of Muskingum County, Ohio,

Juvenile Division is hereby affirmed.

By Farmer, J.

Hoffman, P.J. and Wise, J. concur.


_s/ Sheila G. Farmer_____


_s/ William B. Hoffman_____


_s/ John W. Wise_____

JUDGES

[Cite as *In re E.J.*, 2011-Ohio-5608.]

IN THE COURT OF APPEALS FOR MUSKINGUM COUNTY, OHIO

FIFTH APPELLATE DISTRICT


IN THE MATTER OF:                           :
                                            :
E.J.                                        :
                                            :           JUDGMENT ENTRY
                                            :
                                            :
                                            :
                                            :           CASE NO. CT11-0022


        For the reasons stated in our accompanying Memorandum-Opinion, the
judgment of the Court of Common Pleas of Muskingum County, Ohio, Juvenile Division
is affirmed.  Costs to appellant.



                                        _s/ Sheila G. Farmer_____



                                        _s/ William B. Hoffman_____



                                        _s/ John W. Wise_____

                                                    JUDGES